FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 13 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01129-BNB

CYNTHIA RENEE PINKEY,

    Applicant,

v.

DONA ZAVISLAN,

    Respondent.

## ORDER OF DISMISSAL

Applicant, Cynthia Renee Pinkey, is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Denver Women's Correctional Facility in Denver, Colorado. Ms. Pinkey initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. #1) challenging the computation of her prison sentences. On May 12, 2011, Ms. Pinkey filed an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. #4). On May 20, 2011, Magistrate Judge Boyd N. Boland ordered Respondent to file a Preliminary Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies if Respondent intends to raise either or both of those defenses in this action. On June 10, 2011, Respondent filed a Preliminary Response to Application for Writ of Habeas Corpus (Doc. #10) arguing that this action is untimely and that Ms. Pinkey's claims are not exhausted.

On June 6, 2011, Ms. Pinkey filed a document titled "Preliminary Response"

(Doc. #9) in response to Magistrate Judge Boland's order May 20 directing Respondent to file a Preliminary Response. Ms. Pinkey's Preliminary Response, which was filed before Respondent filed a Preliminary Response on June 10, does not address the specific arguments and affirmative defenses raised in Respondent's Preliminary Response. Ms. Pinkey has not filed a reply to Respondent's Preliminary Response despite being given an opportunity to do so.

The Court must construe the amended application and other papers filed by Ms. Pinkey liberally because she is not represented by an attorney. *See **Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a ***pro se*** litigant. *See **Hall***, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

Ms. Pinkey alleges that she was convicted and sentenced in three separate Colorado state court cases. On March 1, 2004, she was sentenced to a total of ten years in prison in Douglas County District Court case number 02CR63 and she was given credit for 405 days of presentence confinement. (*See* Doc. #4 at 15-16.) On March 22, 2004, Ms. Pinkey was sentenced to one year in prison in Arapahoe County District Court case number 03CR2276 and the sentence was ordered to run consecutively to any other cases. (*See id*. at 17.) On September 1, 2005, Ms. Pinkey was sentenced to ten years in prison in Arapahoe County District Court case number 04CR362 and the sentence was ordered to run concurrently with her Douglas County sentence and the sentence in another case identified as 03CR732. (*See id*. at 9-10.) According to Ms. Pinkey, the trial court's reference to 03CR732 is an error and should

2

be a reference to her sentence in Arapahoe County case 03CR2276. On November 10, 2010, the Arapahoe County District Court issued an amended mittimus in 04CR362 to indicate that Ms. Pinkey is entitled to eighty-three days of presentence confinement credit with respect to that sentence. (*See* Doc. #9 at 14-15.)

As noted above, Ms. Pinkey is challenging the DOC's computation of her sentences in the instant action. Although her specific claims for relief are not entirely clear, Ms. Pinkey apparently contends that the 405 days of presentence confinement credit awarded in her Douglas County case, plus the time she actually served after the Douglas County sentence was imposed and prior to her conviction in Arapahoe County case 04CR362, should be credited to the concurrent ten-year sentence she received in Arapahoe County case 04CR362. According to Ms. Pinkey, the DOC has computed her sentence in Arapahoe County case 04CR362 as having commenced on September 1, 2005, when that sentence was imposed, and will not apply the 405 days of presentence confinement credit and time-served on her Douglas County sentence prior to September 1, 2005, to her sentence in Arapahoe County case 04CR362. Ms. Pinkey maintains that the DOC's computation has the effect of forcing her to serve a total of more than ten years in prison. It appears that Ms. Pinkey believes she should serve a total of only ten years in prison because the sentences in Arapahoe County case 04CR362 and her Douglas County case both are ten-year sentences and the sentence in Arapahoe County case 04CR362 was ordered to be served concurrently with the Douglas County sentence.

In addition to this action, Ms. Pinkey has filed at least three other actions challenging the DOC's computation of her state sentences. One of the prior actions

was a habeas corpus proceeding in this Court. *See Pinkey v. Ortiz*, No. 06-cv-00393-ZLW (D. Colo. May 25, 2006), *appeal dismissed*, 213 F. App'x 678 (10th Cir. 2007). Ms. Pinkey's prior federal habeas corpus action was dismissed without prejudice for failure to exhaust state court remedies. Also in 2006, Ms. Pinkey challenged the DOC's computation of her state sentences in a habeas corpus petition filed in the Denver District Court. On June 20, 2006, the Denver District Court denied the state habeas petition because Ms. Pinkey failed to state a claim that she was entitled to immediate release. (*See* Doc. #10-2.) On appeal from the denial of her state habeas petition, the Colorado Court of Appeals determined it lacked jurisdiction and referred the case to the Colorado Supreme Court in accordance with state law. (*See* Doc. #10-3.) On March 1, 2007, the Colorado Supreme Court affirmed the denial of the state habeas petition. (*See* Doc. #10-5.) Finally, Ms. Pinkey filed an original petition in the Colorado Supreme Court earlier this year that apparently is relevant to her claims in this action. On April 8, 2011, the Colorado Supreme Court denied the original petition without considering the merits of the claims asserted. (*See* Doc. #10-6.) The instant action was filed on April 28, 2011.

Respondent first argues that this action should be dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d), which applies to § 2241 actions challenging the execution of a state sentence. *See Dulworth v. Evans*, 442 F.3d 1265, 1268 (10th Cir. 2006); *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003). Section 2244(d) specifically provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant

4

> to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

According to Respondent, the one-year limitation period began to run in accordance with § 2244(d)(1)(A) on March 1, 2007, when the Colorado Supreme Court affirmed the denial of Ms. Pinkey's state habeas petition. Respondent further argues that this action, filed more than four years later on April 28, 2011, is untimely. Although the Court agrees that this action is barred by the one-year limitation period, the Court reaches that conclusion by a slightly different route.

The Court finds that the one-year limitation period for Ms. Pinkey's claims challenging the execution of her sentence began to run on the date she could have discovered the factual predicate for those claims in accordance with § 2244(d)(1)(D). The date on which Ms. Pinkey's conviction became final, the operative event under § 2244(d)(1)(A), is not the appropriate starting date because Ms. Pinkey is not challenging the judgment of conviction. Furthermore, although the one-year limitation period does not commence prior to timely and diligent exhaustion of administrative remedies, *see Dulworth*, 442 F.3d at 1268, judicial exhaustion does not delay commencement of the one-year limitation period and operates only to toll the one-year limitation period in appropriate circumstances under § 2244(d)(2), *see Burger*, 317 F.3d at 1138. Therefore, because it is apparent to the Court that Ms. Pinkey was aware of the factual predicate for her claims prior to filing the federal and state habeas petitions in 2006, it appears that the one-year limitation period commenced on some date prior to March 1, 2007.

Respondent does not address the issue of when Ms. Pinkey knew or could have discovered the factual predicate for her claims challenging the computation of her sentences and it is not clear exactly when that information was available to her. However, even assuming the one-year limitation period was tolled in accordance with § 2244(d)(2) from whenever Ms. Pinkey could have discovered the factual predicate for her claims until March 1, 2007, while the state court habeas proceedings were pending, the Court agrees with Respondents that the instant action is untimely because Ms. Pinkey did not file the instant action within one year after March 1, 2007.

Ms. Pinkey does not argue that the one-year limitation period began to run on

some date after March 1, 2007, and she does not identify any state court postconviction proceedings properly filed within one year after March 1, 2007, that may have tolled the one-year limitation period under § 2244(d)(2) for any additional period of time. The original proceeding Ms. Pinkey filed in the Colorado Supreme Court in 2011 did not toll the one-year limitation period because that action was filed after the one-year limitation period already had expired. *See **Clark v. Oklahoma***, 468 F.3d 711, 714 (10th Cir. 2006) (stating that properly filed state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period). Therefore, the Court finds that this action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate circumstances. ***Holland v. Florida***, 130 S. Ct. 2549, 2562 (2010); ***see also Titsworth v. Mullin***, 415 F. App'x 50, 57 n.10 (10th Cir. 2011) (noting that a number of Tenth Circuit cases have applied equitable tolling in § 2241 actions even though the Tenth Circuit has not expressly held that equitable tolling applies in § 2241 actions). Generally, equitable tolling is appropriate if Ms. Pinkey shows both "that [s]he has been pursuing h[er] rights diligently" and "that some extraordinary circumstance stood in h[er] way" and prevented her from filing in a timely manner. ***Pace v. DiGuglielmo***, 544 U.S. 408, 418 (2005); ***see Miller v. Marr***, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling also may be appropriate if an inmate actually is innocent or if an inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See **Gibson***, 232 F.3d at 808. However, simple

excusable neglect is not sufficient to support equitable tolling. *See id.* Furthermore, in order to demonstrate she pursued her claims diligently, Ms. Pinkey must "allege with specificity 'the steps [s]he took to diligently pursue h[er] federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978). In the rare and extraordinary case in which a habeas petitioner can demonstrate equitable tolling is appropriate on actual innocence grounds, the petitioner is not required to demonstrate she diligently pursued the actual innocence claim. *Lopez v. Trani*, 628 F.3d 1228, 1230-31 (10th Cir. 2010).

Ms. Pinkey fails to allege any facts that might justify equitable tolling of the one-year limitation period. She does not allege that she is actually innocent, that she has been pursuing her claims diligently, or that some extraordinary circumstance prevented her from filing the instant action in a timely manner. Therefore, the Court finds that there is no basis for equitable tolling of the one-year limitation period.

For all of these reasons, the Court finds that this action is barred by the one-year limitation period. Because the Court has determined that the entire action is time-barred, the Court need not address Respondent's alternative argument that Ms. Pinkey's claims are unexhausted. Accordingly, it is

ORDERED that the habeas corpus application and the amended application are denied and the action is dismissed as barred by the one-year limitation period. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.


DATED at Denver, Colorado, this  13th  day of    July   , 2011.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01129-BNB

Cynthia Renee Pinkey
Prisoner No. 89688
Denver Women's Correctional Facility
PO Box 392005
Denver, CO 80239

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on July 13, 2011.

                                          GREGORY C. LANGHAM, CLERK

                                By: _____
                                              Deputy Clerk